UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK SPENCER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JAMES HURLEY, )<br>)<br>Respondent. ) | Case No. 4:11CV01306 AGF |

### MEMORANDUM AND ORDER

This matter is before the Court on several motions filed by Petitioner, including a motion for an evidentiary hearing and to appoint counsel, a motion for court-ordered discovery and in-camera review of documents, and a motion for summary judgment. Petitioner, a Missouri prisoner convicted of rape and sodomy and incarcerated at the Missouri Northeast Correctional Center, filed this action pro se on September 1, 2011, seeking federal habeas relief.  Petitioner claims that the denial of his conditional release due to his failure to complete the Missouri Sexual Offender Program ("MoSOP") is in violation of his constitutional rights.  The Court ordered Respondent to show cause why habeas relief should not be granted.  Respondent filed a response on September 16, 2011, and Petitioner filed a reply on September 30, 2011.

With respect to Petitioner's motion for appointment of counsel, the Court notes that there is no constitutional right for a pro se habeas petitioner to have counsel

appointed, although the Court has discretion to appoint an attorney when necessary. *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000). Among the factors a court should consider in making this determination are the factual and legal complexity of the case, the ability of the petitioner to present the facts and present his claims, and the degree to which the petitioner and the Court would benefit from such an appointment. *Id.* at 558-59. Upon review of the record, the Court does not believe that the appointment of counsel is necessary here.

In his motion for Court-ordered discovery, Petitioner seeks documents such as a list of any and all Missouri inmates who were released without having completed MoSOP, and a list of any and all inmates who were not allowed to speak at their conditional release extension hearing. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004). While a court may, upon a showing of good cause, authorize a party to conduct discovery in habeas cases, *id.,* the Court concludes that here, such a showing has not been made. Nor has Petitioner demonstrated the need for an evidentiary hearing on the claims raised in his habeas petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for an evidentiary hearing and to appoint counsel is **DENIED**. (Doc. No. 6)

**IT IS FURTHER ORDERED** that Petitioner's motion for Court-ordered discovery is **DENIED**. (Doc. No. 7)

**IT IS FURTHER ORDERED** that Petitioner's motion for summary judgment shall be deemed and accepted as a Supplement to the petition for habeas relief, which shall be ruled on in due course.

**IT IS FURTHER ORDERED** that Petitioner's motion for summary judgment is **DENIED** as moot. (Doc. No. 13)

**IT IS FURTHER ORDERED** that Petitioner's motion for a hearing on his motions for summary judgment and for appointment of counsel is **DENIED**. (Doc. No. 20)

**IT IS FURTHER ORDERED** that Petitioner's motion to change the name of respondent to James Hurley, the current Warden of Northeast Correctional Center is **GRANTED**, as reflected in the caption on this Memorandum and Order. The same motion is **DENIED** with respect to Petitioner's request for a copy of his complete parole file. (Doc. No 16)

**IT IS FURTHER ORDERED** that Petitioner's motion for release on bail is **DENIED**. (Doc. No. 21)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2012.